UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLEN C. LIBERMAN**<br>The Safety Record<br>340 Anawan Street<br>Rehoboth, MA 02769,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION**<br>400 Seventh Street, S.W.<br>Washington, DC 20590,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Ellen C. Liberman, brings this action for declaratory and injunctive relief, alleging as follows:

### NATURE OF ACTION

1. This is an action for violation of plaintiff's rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by the Freedom of Information Reform Act of 1986 ("FIRA") and the Openness Promotes Effectiveness in our National Government Act of 2007 ("OPEN Government Act"), against the U.S. Department of Transportation ("DOT"). This is also an action for violation of plaintiff's rights under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, and the Declaratory Judgment Act, 28 U.S.C. § 2201, against DOT.

2. DOT has denied plaintiff's rights, as a requester acting as a "representative of the news media," not to be charged processing fees (other than copying fees) in connection with plaintiff's FOIA requests to the National Highway Transportation Safety Administration ("NHTSA"), a component of DOT, for agency records. Rather than recognizing plaintiff as a

"news media" requester, NHTSA and DOT have illegally determined that plaintiff should be classified as a "commercial" requester, liable for payment of search, review and copying fees associated with her FOIA requests.

3. Under the FOIA, whenever a "representative of the news media" requests records from a federal agency, the disclosing agency may not impose upon the requester the costs of searching for and reviewing the records it releases, so long as the request is not made for a commercial use.  *See* 5 U.S.C. § 552(a)(4)(A)(ii).  The agency may charge a "representative of the news media" only for duplication costs.  *Id*.

4. Through this action, plaintiff seeks a judgment: (1) declaring that plaintiff, when submitting FOIA requests on behalf of *The Safety Record*, a news media entity, is entitled to preferential status as a "representative of the news media" for purposes of assessing FOIA processing fees; (2) declaring that plaintiff is not a "commercial" requester for purposes of assessing FOIA processing fees when submitting such FOIA requests; (3) declaring that NHTSA's and DOT's contrary determinations violate the FOIA and the APA; and (4) enjoining NHTSA and DOT to treat plaintiff as a "representative of the news media" for existing and future requests submitted on behalf of the *The Safety Record*.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 702.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

2

## PARTIES

7. Plaintiff Ellen C. Liberman is a citizen of the United States and a resident of Wakefield, Rhode Island. She is a professional researcher and writer. Plaintiff graduated from the Columbia Graduate School of Journalism in 1985 and, for 30 years, has written and produced news for newspapers, television, magazines, radio and the internet. Since 2005, plaintiff has researched and written investigative articles for *The Safety Record*, a publication that reports on current motor vehicle and product safety issues with a particular emphasis on important industry trends, defects, government activities, and related litigation.

8. Defendant DOT is a Department of the Executive Branch of the United States Government and includes as a component NHTSA. DOT is an agency within the meaning of 5 U.S.C. § 552(f).

## BACKGROUND

### Statutory and Regulatory Framework

9. The FOIA, as amended by the FIRA, authorizes federal agencies to charge a FOIA requester fees sufficient to recover certain costs of processing the FOIA request. *See* 5 U.S.C. § 552(a)(4)(A). The FOIA further authorizes federal agencies to promulgate regulations specifying the schedule of such processing fees and establishing guidelines for determining when those fees should be waived or reduced. *See* 5 U.S.C. § 552(a)(4)(A)(i). The FOIA requires that such regulations "shall conform" to guidelines promulgated by the Office of Management and Budget ("OMB"), which is authorized to establish guidelines and a uniform schedule of fees for all agencies. *Id*.

10. The FOIA expressly limits an agency's authority to recover processing fees from certain categories of requesters. In particular, the statute requires that "agency regulations shall

3

provide that" a "representative of the news media" who requests records from an agency for a non-commercial use may be charged only fees for record duplication. Such a requester may not be charged fees for searching for or reviewing the records. 5 U.S.C. § 552(a)(4)(A)(ii).

11. In 1987, OMB promulgated fee guidelines pursuant to the FOIA which, according to OMB, apply to all agencies. *See* 52 Fed. Reg. 10,012, 10,016 (Mar. 27, 1987). These regulations define "representative of the news media" to mean "any person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." *Id*. at 10,018.

12. On May 27, 2014, DOT promulgated regulations purporting to govern assessment of fees for processing FOIA requests. *See* 79 Fed. Reg. 16207. As relevant to this case, the DOT regulations mirror the OMB's government-wide guidelines. The DOT regulations, like the OMB regulations, require federal agencies to provide records to requesters who are "representatives of the news media" for the cost of reproduction alone, excluding charges for the first 100 pages. 49 C.F.R. §§ 7.42(i) & 7.43(a); *see also* 52 Fed. Reg. at 10,019 (OMB regulations). In addition, DOT's regulations define "[r]epresentative of the news media" to mean "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 49 C.F.R. § 7.2. The regulations further define the term "news" to mean "information that is about current events or that would be of current interest to the public." *Id*.

### NHTSA's Unlawful Refusal To Accord News Media Status to Plaintiff

13. By letter on *The Safety Record*'s letterhead to NHTSA dated July 11, 2014, plaintiff requested disclosure of agency records under the FOIA on behalf of *The Safety Record*. Specifically, plaintiff requested the following records:

> [A]ny and all documents produced by [NHTSA] and/or its contractors regarding the January 2014 FMVSS 114 compliance investigations involving vehicles equipped with remote ignition/"smart key" technology.

14.  In her letter to NHTSA dated July 11, 2014, plaintiff stated that her request was "made solely for the purpose of publication and dissemination of the requested information via *The Safety Record*," and that "*The Safety Record* qualifies as a 'representative of the news media' pursuant to the FOIA."

15.  By letter to plaintiff dated September 5, 2014, NHTSA denied plaintiff's request to be categorized as a "representative of the news media." The agency's letter stated that "processing fees . . . will be approximately $2,070.00," and that the agency "will take no further action on your request until you agree to pay all applicable fees or specify the amount you are willing to pay." The agency advised plaintiff of her right to appeal its decision concerning plaintiff's requester status.

16.  By letter to NHTSA's Chief Counsel dated October 14, 2014, plaintiff's counsel appealed the previous determination made by NHTSA to deny plaintiff's request to be categorized as a news media requester. Attached to the appeal letter was a substantial amount of documentary material in support of plaintiff's entitlement to be characterized as a news media requester..

17.  By letter to plaintiff's counsel dated December 1, 2014, NHTSA responded to plaintiff's appeal. In its letter, NHTSA denied the appeal and informed plaintiff of her right to seek judicial review of the agency's adverse determination in this Court.

**PLAINTIFF'S CLAIMS FOR RELIEF**

**COUNT I**
**Violation of the Freedom of Information Act (5 U.S.C. § 552)**

18. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 - 17 as if set forth fully herein.

19. Based on its unlawful and erroneous failure to treat plaintiff as a news media requester, NHTSA and defendant DOT have unlawfully refused to process plaintiff's request for information or to disclose requested records unless and until plaintiff agree to pay all assessed fees, including fees for record search and review.

20. Plaintiff regularly and frequently requests information from NHTSA under the FOIA. NHTSA's failure to treat plaintiff as a news media requester constitutes a continuing barrier to plaintiff's rights of access to information under the FOIA.

21. Plaintiff has exhausted all available administrative remedies with respect to her requester status.

22. On the basis of the facts alleged above and for such further reasons as plaintiff may prove in this action, plaintiff alleges that she qualifies as a news media requester, and that NHTSA and defendant DOT violated and continue to violate the FOIA, 5 U.S.C. § 552, by assessing search and review fees against plaintiff.

23. Plaintiff further alleges that NHTSA's refusal to process plaintiff's FOIA request until plaintiff agrees to pay search and review fees constitutes a wrongful withholding of the requested agency records, in violation of the FOIA, 5 U.S.C. § 552.

## COUNT II
## Violation of the Administrative Procedure Act (5 U.S.C. §§ 701-706)

24.  Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 - 17 as if set forth fully herein.

25.  On the basis of facts alleged above and for such reasons as plaintiff may prove in this action, plaintiff alleges that NHTSA and defendant DOT have violated the APA, 5 U.S.C. § 706, by adopting, interpreting, and applying the DOT regulations defining "representative of the news media" and "commercial" in a manner that is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and lacking in substantial evidence or factual basis.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief and a judgment against defendant, as follows:

(1) declaring that plaintiff qualifies as a news media requester for purposes of assessing processing fees associated with plaintiffs' FOIA requests submitted on behalf of *The Safety Record*;

(2) enjoining and ordering NHTSA and defendant DOT to treat plaintiff as a news media requester when plaintiff submits requests on behalf of *The Safety Record*; and to refrain from requiring plaintiff to agree to pay fees other than duplication fees as a condition of processing plaintiff's FOIA requests submitted on behalf of *The Safety Record*;

(3) declaring that NHTSA's refusal to treat plaintiff as a news media requester was and is arbitrary, capricious, an abuse of discretion, or otherwise in violation of the law;

(4) enjoining and ordering NHTSA to process immediately the agency records that plaintiff requested and to accord the request the place in the processing queue they it have had but for NHTSA's improper refusal to recognize plaintiff as a news media requester;

(5) retaining jurisdiction of this matter until NHTSA and defendant DOT have fulfilled all of their statutory, regulatory, and Court-ordered obligations;

(6) awarding plaintiff, as appropriate, her costs and reasonable attorneys fees incurred in this action; and

(7) granting plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVID L. SOBEL
D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180
sobel@att.net

Counsel for Plaintiff